```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MICHAEL HOLSTEIN,**

      Movant

v.                                          CIVIL ACTION NO. 2:05-0448
                                                  (Criminal No. 2:03-0211)

**UNITED STATES OF AMERICA,**

      Respondent


## MEMORANDUM OPINION AND ORDER

Having this day entered its order denying leave to proceed on appeal <u>in forma pauperis</u>, the court sets forth the following reasons in support, in accordance with Rule 24(a) of the Federal Rules of Appellate Procedure.

The magistrate judge filed, on February 17, 2006, her proposed findings and recommendation ("PFR") that the court deny defendant's motion for relief under 28 U.S.C. § 2255. In concluding the recommendation, the magistrate judge explained that each party had ten days in which to file written objections and she stated, "Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals."  (PFR at 15.)  Movant filed no written objections, and the court adopted the magistrate judge's finding and denied the petition by order dated March 20, 2006.  One week later, on March 27, 2006, movant filed his notice of appeal to the United States Court of Appeals for the Fourth Circuit.

Recognizing that the Federal Magistrates Act's "main purpose, as stated explicitly in the committee reports, was to relieve district courts of specified judicial chores that could be separated from . . . article III responsibilities, in order to reduce increasingly unmanageable case loads," our court of appeals has adopted a rule conditioning appeal in circumstances such as this upon the filing of objections, identifying those issues for which review is requested, with the district court.  <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. den.</u> 104 S.Ct. 2395 (1984); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985)(permitting courts of appeals to adopt such a rule).  The magistrate judge having fully apprised movant of the consequences for failure to timely file written objections to her recommendation, and movant having failed to do so, the court concludes that he has waived his right to appellate review.

Moreover, there appears no likelihood of success on appeal.  Defendant signed a written agreement on March 3, 2004,

2

pursuant to which he pled guilty to and was convicted of one count of arson under 18 U.S.C. § 844(i), based on his having maliciously damaged and destroyed by fire a barn and fifteen horses that were killed.  At his sentencing hearing, conducted June 17, 2004, he and the United States agreed that the amount of restitution owed was $429,807.41.  The court imposed the mandatory minimum sentence of five years in accordance with 18 U.S.C. § 844(i), followed by a three-year term of supervised release.  The judgment order was entered on June 25, 2004, and defendant did not appeal the court's judgment.

      As explained by the magistrate judge, movant has failed to show ineffective assistance of counsel inasmuch as there was no lesser offense to which he could have pled, the United States would not have negotiated any agreement other than the one into which the parties entered, and defendant received the mandatory minimum.  No downward departure from that minimum was available.  As noted above, defendant agreed to the restitution amount that ultimately was found by the court, and he has not notified the court of any change in his economic circumstances that would merit a change in his payment schedule of $100 per month that begins when his term of supervised release commences.  Furthermore, defendant provided a factual basis for his guilty plea when

he testified at his guilty plea hearing that he intentionally set a fire to sawdust in the barn with willful disregard of the likelihood of damage or injury.  The magistrate judge thoroughly addressed these reasons for recommending that the court deny movant's Section 2255 motion, and the court conceives of no reason to deviate from that recommendation.

For the reasons stated herein, the court has this day executed its order denying leave to proceed on appeal in forma pauperis.

The Clerk is directed to forward copies of this order to the movant, all counsel of record, and the magistrate judge.

DATED: April 20, 2006

_____
John T. Copenhaver, Jr.
United States District Judge